**MODIFY and AFFIRM; and Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01010-CR
No. 05-15-01330-CR

**BRIAN KEITH CHITWOOD II, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F06-29453-V, F06-29454-V**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

Brian Keith Chitwood, II appeals his convictions, following the adjudication of his guilt, for possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams and unlawful possession of a firearm by a felon (UPFF). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010); TEX. PENAL CODE ANN. § 46.04(a) (West 2011). The trial court assessed punishment, enhanced by a prior felony conviction, at twenty years' imprisonment for possession with intent to deliver methamphetamine and ten years' imprisonment for UPFF. On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to

appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the trial court's judgments adjudicating guilt incorrectly reflect there were plea bargain agreements. The record reflects appellant entered an open plea of guilty to the charges in each indictment. Additionally, the judgments do not accurately reflect the plea and findings on the first enhancement paragraph in each case. The record shows appellant pleaded true to one enhancement paragraph and the trial court found the enhancement paragraph true. The judgments adjudicating guilt do not show the plea or the findings on the enhancement paragraph. Accordingly, on our own motion, we modify the section of the judgments entitled "terms of plea bargain" to state "open," and add the sections "plea to 1st enhancement paragraph: true" and "findings on 1st enhancement/habitual paragraph: true." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments adjudicating guilt.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151010F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BRIAN KEITH CHITWOOD II, Appellant

No. 05-15-01010-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-29453-V.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

Add section entitled "Plea to 1st Enhancement Paragraph:  True."

Add section entitled "Findings on 1st Enhancement Paragraph:  True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 28th day of June, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIAN KEITH CHITWOOD II, Appellant

No. 05-15-01330-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F06-29454-V.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

Add section entitled "Plea to 1st Enhancement Paragraph:  True."

Add section entitled "Findings on 1st Enhancement Paragraph:  True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 28th day of June, 2016.